## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.E. and A.E.**

**No. 19-0877** (Randolph County 18-JA-142 and 18-JA-143)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.E., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's August 30, 2019, order terminating his parental rights to C.E. and A.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2018, the DHHR filed an abuse and neglect petition against petitioner alleging that he regularly abused methamphetamine and engaged in domestic violence with the mother and the children. Specifically, the children reported that petitioner regularly beat, whipped, and body-slammed them and that petitioner smoked methamphetamine in the basement. One child appeared at school with bruises and welts on his legs and a busted lip. Further, petitioner had an extensive history of perpetrating domestic violence upon the mother. After petitioner waived his preliminary hearing, the DHHR offered him services such as individualized parenting classes, adult life skills classes, domestic batterer's intervention classes, and supervised visitations with the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

At an adjudicatory hearing held in January of 2019, petitioner stipulated to the allegations as contained in the petition, and the circuit court adjudicated him as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, and the circuit court scheduled the motion for hearing. At the next hearing on February 20, 2019, the circuit court ordered petitioner to submit to a parental fitness evaluation. After petitioner's delay in submitting to his parental fitness evaluation, on May 16, 2019, the circuit court reviewed petitioner's results, which showed that petitioner did not possess the parental capacity to adequately care for the children. The report further stated that petitioner's prognosis was "guarded," but that he could benefit from substance abuse and domestic violence counseling.

The circuit court held a hearing on petitioner's motion for an improvement period in June of 2019, during which petitioner denied having an anger problem and downplayed his issues with domestic violence and substance abuse. Petitioner testified that smoking methamphetamine was akin to drinking a beer on a Friday night. The DHHR worker testified that petitioner failed to comply with offered services such as adult life skills classes, individualized parenting classes, domestic batterer's intervention classes, and supervised visitations with the children. The DHHR worker further testified that petitioner tested positive of methamphetamine four times in February of 2019. The DHHR and the guardian opposed petitioner's motion and sought the termination of his parental rights. The circuit court denied petitioner's motion for an improvement period, finding that he was unlikely to participate in an improvement period.

The dispositional hearing was held in July of 2019, during which petitioner renewed his motion for an improvement period. Petitioner testified that he had obtained a vehicle and maintained employment but admitted that he had not completed the domestic batterer's intervention course or regularly drug screened. Petitioner claimed he submitted several negative drug screens since the June 3, 2019, hearing, but the DHHR advised it had received only two negative drug screens. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was necessary for the children's welfare. The circuit court terminated petitioner's parental rights by order entered on August 30, 2019. Petitioner appeals this dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

---

[2]The mother successfully completed an improvement period, and the children were returned to her custody. As the petition against the mother was dismissed, the permanency plan for the children is to remain in her care.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period. Petitioner contends that his testimony established that he was likely to participate in an improvement period and otherwise satisfied the requirements to be granted an improvement period. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Having reviewed the record, we find that the circuit court did not abuse its discretion in denying petitioner's request for an improvement period. Apart from attending hearings, petitioner failed to participate in nearly every aspect of the proceedings. Petitioner tested positive for drugs numerous times throughout the proceedings, missed drug screens, and missed several appointments for his parental fitness evaluation, which delayed the proceedings by several months. Petitioner failed to take advantage of the numerous services offered to him and admitted as much when he testified that he failed to enroll into the domestic batterer's intervention course. Further, petitioner consistently denied having an anger problem and downplayed the severity of his substance abuse and domestic violence issues. Indeed, petitioner opined that smoking methamphetamine was akin to drinking a beer on a Friday night. We have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). As petitioner failed to avail himself of the services offered by the DHHR and failed to acknowledge the severity of his substance abuse and domestic violence issues, we find no error in the circuit court's finding that he was unlikely to fully participate in an improvement period. Accordingly, petitioner is entitled to no relief.

We likewise find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) (2019)[3] permits a circuit court to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, pursuant to West Virginia Code § 49-4-604(c)(3) (2019), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child[ren]."

As shown above, petitioner failed to follow through with rehabilitative efforts designed to reduce or prevent the abuse or neglect of the children. Specifically, petitioner failed to comply with the DHHR's offered services such as adult life skills classes, individualized parenting classes, domestic batterer's intervention classes, random drug screening, and supervised visitations with the children. Despite petitioner's stipulation to substance abuse and domestic violence, petitioner failed to make any attempt to address these issues as he failed to attend domestic batterer's intervention classes or comply with regular drug screening. Although petitioner obtained transportation and employment, these minimal improvements did nothing to address the underlying conditions of abuse and neglect—petitioner's severe substance abuse and domestic violence issues. Based on this evidence, it is clear there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future. Additionally, the record shows that the children's welfare required termination of petitioner's parental rights as there was evidence that petitioner's violent behavior remained unaddressed, which would place the children in danger. Further, petitioner's untreated substance abuse prevents him from properly parenting and supervising the children. Therefore, sufficient evidence was presented to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future and that termination of petitioner's parental rights was necessary for the children's welfare.

To the extent petitioner claims he should have been granted an improvement period prior to the termination of her parental rights, this Court has previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive alternative was not warranted.

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 30, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison